IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ANTHONY ZAMORA, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> CONNIE GIPSON, ) <br> ) <br> Respondent. ) <br> ) <br> _____ ) | No. C 14-3714 JSW (PR) <br><br> **ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** <br><br> (Dkt. 2) |

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding pro se, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state court conviction. He has applied for leave to proceed in forma pauperis.

## BACKGROUND

A jury in Santa Cruz County Superior Court found Petitioner guilty of attempted premeditated murder, shooting at an occupied car, being a felon in possession of a firearm, inflicting corporal injury and false imprisonment. The trial court sentenced him to a term of 38 years to life in state prison. The California Court of Appeal affirmed the judgment on appeal, and the California Supreme Court denied a petition for review. Thereafter, the California Supreme Court denied a petition for a writ of habeas corpus purportedly raising the same claims set forth in the instant federal petition.

**DISCUSSION**

I     <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II.     <u>Legal Claims</u>

As grounds for federal habeas relief, Petitioner claims: (1) the trial court violated his right to due process by granting the prosecution's motion to join kidnaping and attempted murder charges in a single trial; (2) the trial court violated his right to due process by denying his motion in limine to sever trial on the above charges; (3) the trial court violated his right to due process by failing to instruct the jury on the use of Nancy Zamora's testimony as an accomplice; (4) the trial court erred in admitting evidence of his prior "bad acts;" (5) he received ineffective assistance from trial counsel; (6) he received ineffective assistance from appellate counsel; and (7) the cumulative effective of the foregoing errors rendered the trial fundamentally unfair. When liberally construed, these claims warrant an answer from Respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus

2

should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **twenty-eight (28)** days of the date the answer is filed.

       3.  Respondent may, within **ninety-one (91) days**, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

       4.  It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

       5.  Petitioner's application to proceed in forma pauperis is GRANTED based on Petitioner's lack of funds.

     IT IS SO ORDERED.

DATED: October 7, 2014

                                      JEFFREY S. WHITE
                                      United States District Judge

|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE |
| 3 | NORTHERN DISTRICT OF CALIFORNIA |

JOHN ZAMORA,

        Plaintiff,

  v.

CONNIE GIPSON et al,

        Defendant.
                                     /

Case Number: CV14-03714 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 7, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Zamora AH-7837
Corcoran State Prison
P.O. Box 8800
Corcoran, CA 93212-8309

Dated: October 7, 2014

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk